GEORGE W. WILKINSON, PLAINTIFF-APPELLANT, v. BENJAMIN F. BEHRINGER AND ELEANOR H. BEHRINGER, DEFENDANTS-RESPONDENTS.

Argued October 26, 1936—Decided January 22, 1937.

For the plaintiff-appellant, *Rabinowitz & Rabinowitz.*

For the defendants-respondents, *Lehlbach, Johnson & Ormond.*

The opinion of the court was delivered by

WELLS, J. This is plaintiff's appeal from a judgment of the Supreme Court, affirming a judgment of no cause of

action entered in the District Court of the Second Judicial District of the county of Essex in favor of the defendants.

The agreed state of facts show that on December 22d, 1933, the defendants, Behringers, as owners, and the Phoenix Building Company, hereinafter called the contractor, entered into a contract for the erection of a dwelling at Essex Fells. The contract price was originally $10,200, and was later supplemented in the amount of $278 for extra work, making a total of $10,478. This contract was duly filed in the office of the clerk of Essex county.

As part payment of the contract price, the defendants were to convey to the contractor the equity in certain premises known as No. 54 Hillcrest road, West Caldwell, of an agreed value of $3,200; balance of $7,278 in cash. Payment was to be made under the terms of the contract as follows:

1. Upon the completion of a certain portion of the work, a certificate of the architect was to be issued showing the amount then due. There was then to be paid to the contractor the difference between the amount certified and $3,200.

2. On the last day of each month thereafter an architect's certificate was to be issued, showing the value of labor and material furnished for that month. Of this amount the contractor was to receive eighty-five per cent., plus any sum (fifteen per cent.) withheld from the amount certified as due the previous month.

3. Final payment was to be made within thirty days after issuance of the architect's certificate of completion, and was to consist of the "deeding of the Hillcrest road property" by the defendants to the contractor as above mentioned.

On October 1st, 1934, the contractor and the plaintiff, Wilkinson, entered into a subcontract for certain tile work to be done on said dwelling, at an agreed price of $500. The plaintiff completed his work as stipulated, and had been paid thereon the amount of $50 at the time this action was instituted.

In accordance with the general contract, the defendants paid prior to December 15th, 1934, to the contractor $6,001.33. There was also paid December 15th, 1934, to one Slayback

& VanOrder Company $400, upon an order for $500 issued by the general contractor June 27th, 1934.

On December 22d, 1934, the contractor abandoned the work, no cause therefor appearing in the agreed state of facts. At this time there was payable by the defendants a total of $1,000 upon orders in favor of Slayback & VanOrder Company and Appazetto and Romagnoli, and a guarantee extended to one Tuttle Brothers. This amount was paid after the institution of this action.

The defendants completed the dwelling at a cost of $1,792.60.

On December 22d, 1934, the plaintiff, being unpaid on his subcontract in the amount of $450 filed a stop-notice and duly served the same on December 27th, 1934. Payment not being made by the defendants, the action here involved was brought, resulting as aforesaid in a judgment for the defendants.

The sole ground of appeal alleges error by the Supreme Court in affirming the previous judgment of the District Court. Thus the general question raised is whether, at the time of the filing of the plaintiff's stop-notice, there were any funds in the hands of the defendants to which the lien of the stop-notice could attach, so that a judgment as here sought would be justified under the law.

In the first instance, the contention of the plaintiff that abandonment of the contract was due to the defendants' default is unsupported by the facts as stipulated. The merits of this case must be met upon the basis of abandonment by the contractor without reason given.

Nor is this plaintiff entitled to the preference or priorities given by section 6 of the Mechanics' Lien act. *Comp. Stat.*, p. 3290. Section 3 of this statute as amended (*Pamph. L.* 1930, *ch.* 212, *p.* 974), extends the benefits of the law to journeymen, laborers, materialmen and subcontractors. Section 6, however, *supra*, page 976, though referring to the third section, relates only to laborers and materialmen, impliedly excluding subcontractors, to which class the plaintiff belongs. *Adams* v. *Wells*, 64 *N. J. Eq.* 211; *Stahl* v. *Walters*, 97 *N. J. Eq.* 80.

Plaintiff's rights, therefore, must be determined by section 3 of the Mechanics' Lien act, which provides that upon the filing of a stop-notice "the owner or owners of such building shall thereupon be authorized to retain the amount so due and claimed by such journeyman, laborer, materialman or subcontractor out of the amount owing by him or them on the contract or that may thereafter become due from him or them on such contract for labor or material used in the erection of such building * * *."

It must be conceded that the cash payments made to the contractor and the Slayback & Van Order Company before December 27th, 1934, were proper, there being no contention as to advance payments. The defendants are also entitled to credit, as against the plaintiff, for the amount required for completion of the dwelling. *St. Peter's Church* v. *Vannote,* 66 *N. J. Eq.* 78; *Post* v. *Geldziler,* 105 *N. J. L.* 370.

Under the provision of section 3, above quoted, a stop-notice operates upon sums due or to become due from the owner to the contractor. Thus the stop-notice claimant is subject to any credits to which the owner is entitled against the contractor, which includes orders or assignments previously made by the contractor and accepted or guaranteed by the owner. *Taylor* v. *Reed,* 68 *N. J. L.* 178; *Cicalese* v. *Fortunato,* 92 *N. J. Eq.* 329, 331.

Applying this rule to the present case, the claim of the plaintiff is subject to payment of orders in favor of Slayback & Van Order Company and Appazetto and Romagnoli, hereinbefore referred to. The same effect must also be given to the guarantee made by the defendant in favor of Tuttle Brothers, for it is quite apparent that its purpose was to enable the contractor to secure materials necessary for construction, and the consequent right of exoneration will be recognized.

A compilation of the credits to which the defendant is entitled is as follows:

Cash payments to contractor . . . . . . . . . . . . . . . . $6,001.33
Cash payments to Slayback & Van Order Co. . . . .     400.00

Prior orders and guaranteed payments    .... ..   1,000.00
Cost of completion    ....  .... .  ..  ...   1,792.60

Total credits .    _  ..  .    ...... .... $9,193.93
Less cash payments provided by contract    ... .   7,278.00

  $1,915.93
Plus present amount of plaintiff's claim    .  ..    450.00

Resulting in a total of    ..  ..  ..  .  .  ..... $2,365.93

paid and sought to be paid, over and above the full amount of cash payment provided by the general contract.

The plaintiff, assuming the validity of his claim, is entitled to satisfaction of such claim only from "the amount owing— on the contract or that may thereafter become due—on such contract." Since the amount of cash provided by the contract has been exhausted by proper payment, such satisfaction, if any, can be secured only from the equity of the Hillcrest road property to be conveyed to the contractor after the completion of the contract, the agreed value of which equity was $3,200.

It must be further noted, however, that the plaintiff's claim extends no farther than a partial interest in such real estate.

The judgment here sought is one for money damages, and if recovered, could be satisfied out of any property belonging to the defendants. To allow such recovery would be to place a greater burden upon the defendants than they assumed by the general contract, or is imposed by the statute, since the total contract price was not wholly expressed upon a cash basis, as is the normal situation.

It clearly appears, therefore, that to sustain the present action would be to give the plaintiff a greater right than that to which he is legally entitled. The District Court is empowered to try and determine "every suit of a civil nature at law" (*Pamph. L.* 1910, *p.* 228), but its jurisdiction is not sufficient for the purposes required by the circumstances of this case.

We are of the opinion, therefore, that the plaintiff, Wilkinson, has no legal right which may be enforced in the present action.

We are not here called upon to express an opinion as to whether the plaintiff has any remedy against the Hillcrest road property in a court of equity, and if so, what such remedy may be.

The judgment of the Supreme Court is affirmed.

*For affirmance*—The CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 12.

*For reversal*—None.